STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **A.W. CLARK**, <br><br> Plaintiff, <br><br> v. <br><br> **SHIRLEY N. WEBER**, as California Secretary of State, and **DONALD JOHN TRUMP**, <br><br> Defendants. | 2:23-cv-007489-DOC(DFM) <br><br> **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR DAMAGES** <br> (10/16/23) <br><br> **DEMAND FOR JURY** <br><br> **CLASS ACTION ALLEGATIONS** <br><br> Judge David O. Carter |

**INTRODUCTION.**

1. **Section 3 Disqualification from Holding Office**

No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

U.S. Const., 14th amend., § 3.

1

2. "The[] [plaintiff] seek[s] relief in order to protect or vindicate an interest of [his] own, and of those similarly situated [persons][,]" *Baker v. Carr,* 369 U.S. 186, 206, 82 S.Ct. 691 (1962), in that plaintiff is an eligible, registered voter -- registered as a Republican, who will suffer an injury unique to him and to other, similarly-situated eligible, Republican voters, to wit, a deprivation of the right to vote for a candidate for president of the United States who is constitutionally eligible for be president, for if plaintiff and class members, who intend to vote for Trump, vote for a candidate who is not qualified to be president, plaintiff and class members will have been deprived of their rights to vote. Democratic voters will not suffer any injury to their voting rights were Trump to be on the ballots.

3. As of Feb. 10, 2023,[1] there were 963,881 registered Republicans in Los Angeles County, who constituted 17.12% of all registered voters. This is Class 1.

4. As of Feb. 10, 2023, there were 5,236,952 registered Republicans in California, who constituted 23.83% of all registered voters in California. This is Class 2.

5. As of Feb. 10, 2023, there were 38.8 million registered Republican voters in the United States. (Not all states have people register with a party or report the exact number.) This is Class 3.

6. As of Oct. 9, 2023, an average of polls compiled on "538.com" show defendant Trump at 55.9% support in the Republican primary.

7. Beginning prior to Jan. 6, 2021, and continuing until after Jan. 20, 2021, Donald John Trump ("Trump"), on Jan. 20, 2017, took an oath as an officer of the United States to support the Constitution of the United States, and thereafter engaged in insurrection and/or rebellion against the same, so that Trump may not again hold any office under the United States.

---

[1] The most recent such, reliable data available.

2

8. Trump now, once again seeks to hold the office of president of the United States, but he is barred from doing so.

## JURISDICTION AND VENUE

9. Plaintiff asserts federal claims, under 42 U.S.C. § 1983 (civil rights), against defendant, and subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331 of plaintiff's federal claims. Plaintiff asserts a state law claim, based on both diversity of citizenship jurisdiction, under 28 U.S.C. § 1332(a)(1), as plaintiff and Trump are citizens of different states -- plaintiff of California and Trump of Florida, based on supplemental jurisdiction, under 28 U.S.C. § 1367.

10. The matters that are the bases for this action occurred in Los Angeles County, California, and both defendants have submitted to the personal jurisdiction of the court, by voluntarily filing papers in this action.

## THE PARTIES

11. Plaintiff is a person who is an eligible voter as to the upcoming March 2024 presidential primary election and the Nov. 2024 presidential election, in which it is to be decided who will become the 47th president of the United States.

12. Defendant Weber is the California officer who is charged with conducting and administering the March 2024 primary election and the Nov. 2024 presidential election.

13. Defendant Trump has requested that his name be set forth on both ballots.

14. Defendant Trump engaged in an insurrection against the United States, rebelled against the United States, and gave aid and comfort to enemies of the United States, as set forth in Exhs. 1 & 2 to plaintiff's pending motion for a preliminary injunction, Doc. 13, whose contents are incorporated herein by this reference.

## ALLEGATIONS COMMON TO EACH COUNT

15. Each and every allegation set forth in each and every averment of this complaint hereby is incorporated in each and every other averment and allegation of this complaint.

16. "All political power is inherent in the people. Government is instituted for their protection, security, and benefit, and they have the right to alter or reform it when the public good may require." California Constitution, Art. II, § 1.

17. "A United States citizen 18 years of age and resident in this State may vote." *Id*. at § 2(a).

18. Plaintiff and all Class Members are United States citizens who are over 18 years of age, members of Classes 1 & 2 are residents of California, and members of Class 3 are not residents of California, and all of whom are entitled to and who may vote.

19.-99. Reserved.

## COUNT 1

### (Violation of Sec. 3 , Under the 14th Amendment)

100. Section 3 of the Fourteenth Amendment to the United States Constitution prohibits and bars Trump from holding any office under the United States.

101. It prohibits and bars Trump from being president of the United States.

102. Defendant Weber is charged with promulgating and authoring the ballots for the Nov. 2024 presidential election, and she should be prohibited from placing Trump's name on any primary or general election ballots in California, and Trump should be enjoined from requesting that his name be on any 2024 ballot.

103. Defendant Trump should be prohibited from seeking to have his name put on any ballot for the March 2024 primary election and for the Nov. 2024 general election.

//

## COUNT 2

**(Violation of the Right to Due Process of Law, Under the 14th Amendment)**

104. Section 1 of the Fourteenth Amendment to the United States Constitution provides that "nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ." This right includes the right to vote.

105. The right to vote includes as a necessary component the right to vote for a candidate for president who is constitutionally eligible to be president and who is not prohibited or barred from being president.

106. Defendant Weber putting or allowing the putting of Trump's name on any ballot for any 2024 presidential election, and, similarly, Trump requesting that his name be on any ballot, would violate plaintiff's and all class members' Due Process rights, both substantive and procedural, under the Fourteenth Amendment.

## COUNT 3

(Violation of Right of Equal Protection)

107. For the reasons set forth hereinabove, plaintiff and all class members would be deprived of their right to equal protection were Trump's name to appear on any 2024 ballot.

## COUNT 4

(Negligence [Infliction of Emotional Distress])

108. Plaintiff and class members are direct victims of Trump's acts of creating and participating in insurrection, rebellion, and giving aid to the enemy, by their repeated and innumerable viewings of those acts on television, on the radio, and in numerous publications, including the photographs and videos in those publications, who thereby were percipient and direct witnesses to those acts, often contemporaneously with their occurrence. Trump's conduct put plaintiff and all class members at the scene of the insurrection, rebellion, and the giving of aid to the enemy.

109. Trump had a legal duty to plaintiff and to all class members not to engage in acts that would cause serious and extreme emotional distress to persons who would observe his conduct and its consequences, including plaintiff and class members.

110. Plaintiff and all class members suffered harm from Trump's insane conduct based on a direct victim theory.

111. Trump's misconduct constituted negligence, a cause of action in which Trump had a duty to plaintiff and to all class members.

112. Trump assumed a duty to plaintiff and class members and then breached that duty, which, in turn, was the proximate cause of plaintiff's and class members' injuries.

113. Trump had a special relationship with plaintiff and with all class members.

114. The harm that Trump caused was foreseeable, including moral blame attached to Trump's conduct, the policy of preventing future harm, and the extent of the burden to Trump, and all imposed a duty on Trump to exercise care with resulting liability, and the consequences to the community of imposing a duty to exercise care with resulting liability for Trump's breach of his duty.

115. Trump is liable to plaintiff and class members under Cal. Civ. Code § 1714(a), because, under that section, "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to an another by his or her want of ordinary care . . . ."

116. By virtue of the allegations set forth in avers. 108-16, Trump is liable in damages to plaintiff and all class members in sums in excess of $75,000, excluding interest and costs.

//
//

117.-272. Reserved.

## CLASS ACTION ALLEGATIONS

273. Plaintiff is a member of three classes, whose defining characteristics are Class 1, that they are persons who are California Republican, 2024 primary and general election voters, who wish to vote in both elections for Trump but who do not wish to vote for Trump if he is disqualified from being president, based on his acts of insurrection, rebellion, and giving aid an comfort to enemies of the United States, because were they to cast their ballots for Trump in that case they would have been deprived of their right to vote.

274. The classes contain over 963,881 persons registered as Republicans in Los Angeles County -- Class 1; 5,236,952 persons registered as Republicans in the State of California -- Class 2; and, 38.8 million persons registered as Republicans in the United States of America -- Class 3, and each of the three classes are so numerous so that joinder of all class members is impracticable.

275. There are only common questions of fact and of law with respect to all class members of each class, to wit: (1) did Trump engage in insurrection, rebellion, or give aid and comfort to enemies of the United States -- the mob who stormed and invaded the Capitol, on Jan. 6, 2012, and (2) is Trump, therefore, disqualified from being president of the United States?

276. The claims made by the representative party of the class, plaintiff, are typical of the claims of each class member.

277. The representative of the class, plaintiff, more than fairly, vigorously, and zealously will represent and adequately protect the interests of all class members, both himself and through his very zealous attorneys.

278. Prosecution of separate actions by individual class members would be both hopeless and would create a risk of inconsistent and/or varying adjudications with respect to class members, which would establish incompatible standards for

7

parties opposing the classes, and defendants have acted and will continue to act on grounds generally applicable to every class member in both classes, and the class questions not only predominate but are the only questions that exist, and this action is the far superior manner to other available methods for fairly and efficiently adjudicating the controversies: indeed, Trump voluntarily has entered this action and willingly has submitted himself to the personal jurisdiction of the court.

279. Specifically, the class members' interests in individually controlling the prosecution or defense in separate actions do not exist, and there are no anticipated difficulties in managing this class action, especially as to identification of class members (through voting rolls and lists), and providing notice to all class members, by a means to be approved by the court.

280. Class 1 is comprised of all registered, Republican, Los Angeles County voters; Class 2 is comprised of all registered, Republican California voters; and, Class 3 is comprised of all registered, Republican United States voters.

281. An enormous benefit of this action being maintained as a class action is that once Trump has litigated the issue of insurrection/rebellion/aid to the enemy and his qualification or not to be president, those determinations will be binding on him, by way of collateral estoppel, and never again will able to be litigated by him because he would be barred from re-litigating these issues, thus saving the time of innumerable courts, so far, according to Trump, 36 courts, having to deal with this matter. *See, e.g.* the numerous, now-pending actions on this topic, around the Country. Doc. Trump's 23 (Trump's [Improperly-Filed] Notice of Pendency of Other Actions) (36, different such actions so far).[2]

---

1. Castro v. FEC, 1:22-cv-02176 (D.D.C.). Case dismissed for lack of standing. Affirmed (D.C. Cir. April 10, 2023). Pro per plaintiff. 2. Castro v. Trump, 9:23-cv-80015 (S.D. FL). Case dismissed for lack of standing. Pending appeal before the

11th Cir. #23-11837, Petition for writ of certiorari before judgment denied on October 2, 2023 (#23-117). Pro per plaintiff. 3. Schaefer v. USA and Trump, 23-cv-1451 (S.D. CA). Pro per plaintiff. 4. Sladek v. Trump, 1:23-cv-02089 (D. CO). Pro per plaintiff. 5. Stilley v. Trump, 4:23-cv-773 (E.D. AR). Pro per plaintiff. 6. Caplan v. Trump, 23-cv-61628 (S.D. FL). Case dismissed for lack of standing. Pro per plaintiff. 7. Castro v. Trump, New Hampshire State Court, Merrimack Superior Court, 217- 2023-cv-00462. Case dismissed by plaintiff to proceed in Federal Court. Pro per plaintiff. 8. Washington v. Trump, 1:23-cv-00941 (D. DE). Pro per plaintiff. 9. Kersey v. Trump, 1:23-cv-12019 (D. MA). Pro per plaintiff. 10. Castro v. Schmidt and Trump, 390 MD 2023, PA Supreme Court. Pro per plaintiff. 11. Perry-Bey v. Trump, 1:23-cv-01165 (E.D. VA). Pro per plaintiff. 12. Castro v. Scanlan and Trump, 1:23-cv-00416. (D. NH) Pro per plaintiff. 13. Castro v. Fontes and Trump, 2:23-cv-01865. (D. AZ). Pro per plaintiff. 14. Castro v. Bellows and Trump,1:23-cv-335 (D. ME). Pro per plaintiff. 15. Castro v. Aguilar and Trump, 2:23-cv-01387 (D. NV). Pro per plaintiff. 16. Dewald v. Trump, 1:23-cv-07833 (S.D. NY) Pro per plaintiff. 17. Anderson v. Griswold and Trump, 2023CV32577, District Court for County of Denver. Attorney Mario Nicolais, 7830 W. Alameda Ave., Suite 103-301, Lakewood, CO 80226. (720) 773-1526. 18. Castro v. Henderson and Trump, 2:23-cv-00617 (D. UT). Case dismissed by pro per plaintiff. 19. Castro v. Schmidt and Trump, 1:23-cv-01468 (M.D. PA). Case dismissed by pro per plaintiff. 20. Castro v. Ziriax and Trump, CIV-23-781 (W.D. OK). Case dismissed by pro per plaintiff. 21. Castro v. Schwab and Trump, 6:23-cv-01184 (D. KS). Pro per plaintiff. 22. Castro v. McGrane and Trump, 1:23-cv-00393 (D. ID). Pro per plaintiff. 23. Castro v. Bell and Trump, 5:23-cv-00496 (E.D. N.C.). Pro per plaintiff. 24. Stilp v. Trump and Schmidt, 1:23-cv-01489 (M.D. PA). Pro per plaintiff. 25. Castro v. Knapp and Trump, 3:23-cv-04501 (D. S.C.). Magistrate Judge recommends that preliminary injunction be denied. Pro per plaintiff. 26. Castro v. Warner and Trump, 2:23-cv-00598 (S.D. W.V.). Magistrate Judge recommends that preliminary injunction be denied. Pro per plaintiff. 27. Castro v. Oliver and Trump, 1:23-cv-00766 (D. N.M.). Magistrate Judge recommends that case be dismissed for lack of jurisdiction. Pro per plaintiff. 28. Castro v. Jacobsen and Trump, 6:23-cv-00062 (D. MT). Pro per plaintiff. 29. Growe v. Simon, #A23-1354, Minnesota Supreme Court. Attorney David J. Zoll, 100 Washington Ave. S., Minneapolis, MN, (612) 596-4028. 30. Bellocchio v. Tahesha Way, County of Mercer, New Jersey. 31. Castro v. Galvin and Trump, 1:23-cv-12121 (D. MA). Pro per plaintiff. 32. Castro v. Thomas and Trump, 3:23-cv-01238 (D. CT). Pro per plaintiff. 33. Ian Anthony Medina v. Trump, 2023-023947-CA-01, Miami-Dade Court, Pro per plaintiff. 34. Castro v. Albence and

282.  Therefore, this action is maintainable under F.R. Civ. P. Rule 23(a), & 23(b)(1)(A),(B)(1), (2), and (3).

283.  Although there would appear to be no notice requirement as to (B)(1) & (2) classes, the nature of the notice to be provided to class members would be decided by the court.

284.  By virtue of these allegations, plaintiff is entitled to declaratory and injunctive relief.

**WHEREFORE**, plaintiff requests relief against defendant, as follows:

1. Declaratory relief that Trump is disqualified, prohibited, and barred from the office of president of the United States, because he engaged in insurrection, rebellion, and providing aid and comfort to the enemies of the United States;

2.  Declaratory relief that Trump's name may not be placed on any California ballot for president of the United States;

3.  Injunctive relief prohibiting defendant Weber from placing Trump's name on any 2024 presidential primary or general election ballot;

4.  Costs of suit, including attorneys' fees;

5. Damages, compensatory and punitive, to plaintiff on his state law claim; and,

6.  Such other relief as is just and proper.

**YAGMAN + REICHMANN, LLP**

By:  /s/  Stephen Yagman
**STEPHEN YAGMAN**

---

Trump, 1:23-cv-01068 (D. DE). Pro per plaintiff. 35. Steinmetz v. New York Board of Elections and Trump, 50560/2023, Supreme Court of Westchester Co., New York. Pro per plaintiff. 36. Castro v. Griswold and Trump, 1:23-cv-02543 (D. CO). Pro per plaintiff.