JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| A.W. CLARK<br><br>    Plaintiff,<br><br>    vs.<br><br>SHIRLEY N. WEBER,<br><br>    Defendant,<br><br>DONALD J. TRUMP,<br><br>    Intervenor Defendant. | Case No. 2:23-CV-07489-DOC-DFMx<br><br>**ORDER SUA SPONTE DISMISSING CASE FOR LACK OF STANDING** |

Plaintiff A.W. Clark ("Plaintiff" or "Clark") filed this suit to exclude former President Donald J. Trump from the California ballot in the upcoming 2024 Presidential Primary and General Elections. Plaintiff alleges that Mr. Trump is ineligible to be President under Section 3 of the Fourteenth Amendment,[1] because his actions on and leading up to the January 6th attack on the U.S. Capitol constituted insurrection against the United States. The Court, on its own motion, DISMISSES WITH PREJUDICE Plaintiff's case for lack of standing.

## I. BACKGROUND

Plaintiff A.W. Clark ("Plaintiff" or "Clark") is a registered Republican voter in California, who is eligible to vote in the upcoming March 2024 presidential primary election and the November 2024 presidential election. First Amendment Complaint ("FAC") (Dkt. 25) ¶¶ 2, 11. Intervenor-Defendant Donald J. Trump has requested that his name appear as a presidential candidate on both the primary and general election ballots in California. *Id.* ¶ 13. Plaintiff alleges that he wants to vote for Mr. Trump—but only if Mr. Trump is eligible to be President. Plaintiff alleges that he will be injured by Mr. Trump's presence on the ballot because, if he votes for Mr. Trump and Mr. Trump turns out to be constitutionally ineligible to take office, his vote for Mr. Trump will have been "meaningless." *Id.* ¶ 2; Plaintiff's Response to Order to Show Cause ("POSC") (Dkt. 26), at 15.

For the reasons explained below, Plaintiff does not have standing to challenge Mr. Trump's eligibility for the presidency, and the Court dismisses the case.

## II. DISCUSSION

"[S]tanding is an aspect of subject matter jurisdiction." *Fleck and Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106 n.4 (9th Cir. 2006). As such, standing is a threshold question, and this Court has "an independent obligation to ensure that" a plaintiff has standing. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Negrete v. City of Oakland*, 46 F.4th 811, 813 (9th Cir. 2022).

---

[1] Section 3 provides: "No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability." U.S. Const. amend. XIV, § 3.

Standing has three familiar elements: injury, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  A plaintiff satisfies the injury requirement when they suffer "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotations and citations omitted). To establish that their injury is particularized, a plaintiff must show that the challenged conduct "affects the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016); *see also Lance v. Coffman*, 549 U.S. 437, 440 (2007) ("[E]ven in a proceeding which he prosecutes for the benefit of the public…[the plaintiff] must generally aver an injury peculiar to himself, as distinguished from the body of his fellow citizens."). That is, there must be some unique connection between the plaintiff and defendant that "[]differentiate[s]" the plaintiff so that his injury is not "common to all members of the public." *United States v. Richardson*, 418 U.S. 166, 177 (1974) (quoting *Ex Parte Le Vitt*, 302 U.S. 633, 634 (1937)).

Plaintiff here has not pointed to any connection between himself, on the one hand, and Defendant or Mr. Trump, on the other, that transforms the general harm he alleges into a particularized one. Plaintiff is a registered voter who intends to vote for Mr. Trump in the upcoming presidential elections. Plaintiff alleges that he will be deprived of his right to vote if Mr. Trump is on the ballot, because, if Plaintiff votes for Mr. Trump and Mr. Trump is later found ineligible to serve as president, his vote for Mr. Trump will have been "meaningless." POSC at 15. But the same is true for every person who intends to vote for Mr. Trump, and, indeed, all voters who will have the option to vote for Mr. Trump in the upcoming presidential elections. Because Plaintiff "has no greater stake in this lawsuit than any other" voter who may vote for president in 2024, the harm he alleges is "too generalized to confer standing." *See Drake v. Obama*, 664 F.3d 774, 782 (9th Cir. 2011).

Courts across the country have similarly concluded that voters do not have standing to challenge a candidate's qualifications for office. For example, in *Berg v. Obama*, the plaintiff alleged that then-candidate Barrack Obama was ineligible to serve as President because he was not a natural-born citizen. 586 F.3d 234, 237 (3d Cir. 2009). The court held that the voter

lacked standing because he "suffered no injury particularized to him." *Id.* at 239. Similarly, in *Stencil v. Johnson*, the plaintiffs sought a declaratory judgment that three members of Wisconsin's congressional delegation were ineligible to serve under the Fourteenth Amendment because their participation in the January 6th attack was an insurrection against the United States. 605 F. Supp. 3d 1109, 1112-13 (E.D. Wis. 2022). The court determined that plaintiffs lacked standing because "[e]very citizen and voter could claim to have suffered the same injury as the plaintiffs here," and "[t]he relief that the plaintiffs seek would no more directly and tangibly benefit them than it would the public at large." *Id.* at 1117; *see also Hill v. Mastriano*, No. 22-2464, 2022 WL 16707073, at * 1 (3d Cir. 2022) (concluding that a voter did not have standing to bring a Section 3 action to disqualify a candidate from the ballot because the voter did not suffer a particularized injury). Plaintiff has not cited, nor is the Court aware of, any case where a federal court adjudicated a claim like Plaintiff's claim here.[2]

Plaintiff argues that he has three bases for standing, but none of them establish that he has suffered an imminent injury unique to him. First, Plaintiff argues that he has standing because his interests are adverse to those of Mr. Trump. POSC at 12. While Mr. Trump wants his name on the ballot, Plaintiff fears that this will put them in the "awful position of voting for a candidate who may be disqualified from office." *Id.* at 15. As a practical matter, Plaintiff can

---

[2] *See, e.g.*, *Drake*, 664 F.3d at 778, 780-84 (group of military personnel, state representatives, political candidates, and individual citizens did not have standing to challenge President Obama's eligibility to hold office); *Robinson v. Bowen*, 567 F. Supp. 2d 1144, 1146 (N.D. Cal. 2008) (finding that plaintiff lacked standing to challenge eligibility of candidate John McCain); *Const. Ass'n Inc. by Rombach v. Harris*, No. 20-CV-2379, 2021 WL 4442870, at *2 (S.D. Cal. Sept. 28, 2021), *aff'd*, No. 21-56287, 2023 WL 418639 (9th Cir. Jan. 26, 2023) (finding that plaintiffs challenging Vice President Harris's candidacy failed to "adequately allege Article III standing"); *Chapman v. Obama*, 719 F. App'x 13 (D.C. Cir. 2018) (per curiam) ("The district court correctly concluded that appellant lacked standing to challenge President Barack Obama's qualifications for holding office."); *Const. Ass'n Inc. by Rombach v. Harris*, No. 20-cv-2379, 2021 WL 4442870, at *2-3 (S.D. Cal. Sept. 28, 2021) (finding plaintiffs lacked standing to challenge Vice President Kamala Harris' eligibility for office and dismissing case); *Christie v. President of the United States*, 532 F. App'x 88, 89 (3d Cir. 2013) (plaintiff lacked standing to assert claims that President committed treason); *Fischer v. Cruz*, No. 16-cv-1224, 2016 WL 1383493, at *2-3 (E.D.N.Y. Apr. 7, 2016) (plaintiff lacked standing to challenge Senator Ted Cruz's eligibility for President and citing additional cases dismissed for lack of standing); *Hollander v. McCain*, 566 F. Supp. 2d 63, 71 (D.N.H. 2008) (voter lacked standing to challenge John McCain's ability to run for presidency under Natural Born Citizen Clause); *Cohen v. Obama*, No. 08 2150, 2008 WL 5191864, at * 1 (D.D.C. Dec. 11, 2008) (voter lacked sanding to challenge then-candidate Obama's eligibility for the presidency); *Booth v. Cruz*, No. 15- CV-518, 2016 WL 403153, at *2 (D.N.H. Jan. 20, 2016), *report and recommendation adopted*, 2016 WL 409698 (D.N.H. Feb. 2, 2016) ("[A]n individual voter challenging the eligibility of a candidate for President lacks standing to assert a claim based on the general interests of the voting public.") (citation omitted); *Sladek v. Trump*, No. 23-CV-2089, CM/ECF No. 10, 12 (D. CO Sept. 20, 2023 and Oct. 18, 2023) ("Mr. Sladek's challenge to former President Trump's eligibility under Section 3 of the Fourteenth Amendment does not demonstrate that he has suffered or will suffer a concrete and particularized injury.").

easily avoid this "awful position" by voting for a candidate whose qualifications for the presidency he does not doubt. Legally, Plaintiff's argument falls short, because having an interest adverse to the defendant is not sufficient for standing. Instead, a plaintiff must show that they suffered a specific type of injury, that the injury was caused by the defendant, and that a favorable court ruling can redress their injury. *See Lujan*, 504 U.S. at 560-61. Contrary to Plaintiff's suggestion, adversariness does not equal standing.

Second, Plaintiff analogizes himself to a plaintiff in a vote dilution suit. POSC at 14-15. "Vote dilution can be the basis for standing when voters are harmed compared to 'irrationally favored' voters from other districts." *Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020) (quoting *Baker v. Carr*, 369 U.S. 186, 206- 208 (1962)). Here, by contrast, no single voter is disadvantaged relative to another voter if Mr. Trump's name is on the ballot.

Finally, to show that his injury is different from the rest of the public, Plaintiff casts himself as part of a subset of California voters. While most Californians are Democrats, Plaintiff is a Republican who wants to vote to Mr. Trump only if Mr. Trump is not later disqualified from holding office. FAC ¶¶ 3-6; POSC 16. But Plaintiff is no different than other members of this class of Republicans. "[W]hen the asserted harm is… shared in substantially equal measure by ... a large class of citizens," the harm is not particularized. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). Even if this class of Republicans is not a sufficiently "large class," the injury is still not cognizable because it depends on a speculative chain of events. For Plaintiff's injury to materialize, he would need to vote for Mr. Trump, Mr. Trump would then need to win the presidency, and, finally, Mr. Trump would need to be found ineligible and prevented from taking office. This injury is too hypothetical to support standing. *See Navajo Nation v. Dept. of the Interior*, 876 F.3d 1144, 1161 (9th Cir. 2017) ("[A] purely speculative sequence of occurrences will not meet [the standing requirements]."); *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 401 (2013) (holding that, when seeking prospective relief, the plaintiff's injury must be "certainly impending").

JS6

1. III. **DISPOSITION**

2.     For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** this suit for
3. lack of standing. The hearing in this matter scheduled for Monday, October 23, 2023, is
4. **VACATED**.

7. DATED: October 20, 2023

9. DAVID O. CARTER
10. UNITED STATES DISTRICT JUDGE