UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-07489-DOC-DFMx                                                    Date: January 3, 2024

Title: A.W. CLARK V. SHIRLY WEBER

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [41]

Before the Court is Defendant Donald J. Trump's Motion to Dismiss Count Four of the First Amended Complaint ("Motion" or "Mot."). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the parties' arguments, the Court GRANTS the Motion.

I.   **Background**

  A.   **Facts**

On January 6, 2021, President Donald Trump, according to Plaintiff, engaged in insurrection against the United States when he encouraged a "mob who stormed and invaded the Capitol." First Amended Complaint ("FAC") (Dkt. 25) ¶¶ 7, 273. Plaintiff alleges that he watched the events of January 6th unfold "on television, on the radio, and in numerous publications." *Id.* ¶ 108. Witnessing the rioters and Mr. Trump's actions, Plaintiff alleges, caused Plaintiff suffered severe emotional distress. *Id.* ¶¶ 108-116.

  B.   **Procedural History**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-07489-DOC-DFMxDate: January 3, 2024

Page 2

Plaintiff filed his First Amended Complaint on October 16, 2023. The lawsuit had four causes of action. The first three claims sought to exclude Mr. Trump's name from the ballot under Section 3 of the Fourteenth Amendment and the Equal Protection Clause. *Id.* ¶¶ 100-107. The Court, on its own motion, dismissed these three claims for lack of standing. *See* Order Dismissing Case (Dkt. 35). The fourth cause of action for negligent infliction of emotional distress (NIED), however, remained live. *See* Order Granting Plaintiff's Motion for Reconsideration ("Order") (Dkt. 40).

Defendant moved to dismiss the fourth cause of action on December 8, 2023. Plaintiff filed his Opposition ("Opp'n") (Dkt. 42) on December 18, 2023. Defendant filed his Reply (Dkt. 43) on December 22, 2023.

## II.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-07489-DOC-DFMx                                          Date: January 3, 2024

Page 3

dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III. Discussion

Defendant moves to dismiss Plaintiff's fourth cause of action for NIED. Rather than defending on the merits, Plaintiff makes two procedural arguments for why the Court should deny the motion. Neither argument is availing.

First, Plaintiff argues that the Motion should be stricken because Defendant did not meet and confer before filing the Motion. Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." When a party violates this requirement, the Court "*may*" strike the motion. L.R. 7-4 (emphasis added). Generally, courts do not exercise their discretion to strike motions where a party's failure to meet and confer does not prejudice their adversary. *See, e.g.*, *Officia Imaging, Inc. v. Langridge*, No. SA CV 17-2228-DOC (DFMx), 2018 WL 6137183, at *5 (C.D. Cal. Aug. 7, 2018). Here, Defendant's failure to meet and confer caused minimal prejudice to Plaintiff. Since November 15, Plaintiff was on notice that a motion (or an answer) would be filed before December 8th, *see* Order at 2, and was aware of the arguments that Defendant would make in such a motion, *see id.*; Opposition to Reconsideration Motion (Dkt. 37). Because Defendant's violation of L.R. 7-3 caused minimal prejudice to Plaintiff, the Court does not exercise its discretion to strike the Motion.

Second, Plaintiff argues that the Motion should be denied because Defendant disobeyed the Court's Order. In the Order, the Court instructed Defendant to "answer or otherwise respond to the fourth cause of action" in the FAC. Order at 2. Plaintiff argues that Defendant acted inconsistent with this instruction when he filed the Motion, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-07489-DOC-DFMx | Date: January 3, 2024 |
| | Page 4 |

sought dismissal on jurisdictional and constitutional grounds. Opp'n at 1-2. However, the Court explicitly invited Defendant to renew his jurisdictional and constitutional arguments through a motion. Order at 2. Therefore, Defendant's decision to file this Motion was not inconsistent with the Court's Order.

Turning to the merits of Defendant's argument (which, again, Plaintiff does not address), the Court dismisses with prejudice Plaintiff's NIED claim because it is time barred. In California, NIED claims have a two-year statute of limitations. Cal. Civ. Proc. § 335.1; *Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1127 (S.D. Cal. 2012). The limitations period begins running "at the time of the injury-producing event." *Campanano v. Calif. Med. Ctr.*, 38 Cal. App. 4th 1322, 1329 (1995). Here, the events that caused Plaintiff's emotional injury occurred in January 2021, more than two years before Plaintiff filed suit. Therefore, Plaintiff's NIED claims are time-barred. Because no amendment can alter the untimeliness of Plaintiff's claims, the Court dismisses with prejudice Plaintiff's NIED Claim. *See Miller*, 858 F. Supp. 2d at 1127 (dismissing with prejudice time barred NIED claims).

## IV.   Disposition

For the foregoing reasons, the Court **GRANTS** Defendant's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's First Amended Complaint. The hearing scheduled for January 8, 2024, is **VACATED**.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |

CIVIL-GEN